# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LISA R. FRIEDLEY AND ROBERT J. FRIEDLEY

NO. 2020 CW 1128
PAGE 1 OF 2

VERSUS

PAUL V. PULIDO, GUNITE EXPRESS, AND GENERAL STAR INDEMNITY COMPANY

JANUARY 19, 2021

In Re:    Raul V. Pulido, Gunite Express, Starr Indemnity & Liability Company, and Continental Insurance Company, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 120260.

BEFORE:    McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**WRIT GRANTED IN PART; DENIED IN PART.** The district court's October 7, 2020 judgment granting "Plaintiffs' Motion to Exclude Charles E. Bain, M.D. From Testifying as an Expert Witness, and to Strike His Proposed Expert Testimony" filed by Plaintiffs, Lisa R. Friedley and Robert J. Friedley ("the Friedleys"), is hereby reversed in part. "As the force of impact in a collision lowers, and the seriousness of the injury rises, expert testimony becomes more relevant." **Fussell v. Roadrunner Towing and Recovery, Inc.**, 99-0194 (La. App. 1st Cir. 3/31/00), 765 So.2d 373, 376, writ denied, 2000-1264 (La. 6/23/00), 765 So.2d 1042.    A district court is afforded broad discretion in determining whether expert testimony is admissible, and its decision with respect thereto shall not be overturned absent an abuse of that discretion. **Blair v. Coney**, 2019-00795 (La. 4/3/20), ___ So.3d ___, 2020 WL 1675992, at *5. However, an expert witness may not give expert testimony beyond the scope of the field of expertise in which he is qualified. **State v. Williams**, 615 So.2d 1009, 1022 (La. App. 1st Cir.), writ denied, 619 So.2d 543 (La. 1993). We find the district court abused its discretion by excluding the testimony and report of Dr. Bain in its entirety.  While we note that the Supreme Court excluded Dr. Bain from testifying in **Blair**, we find those facts to be distinguishable.   The record in this case reflects that Dr. Bain's report is entirely in his area of expertise, and he should not be prohibited from testifying as to the findings contained therein.   However, the district court did not abuse its discretion excluding any opinions outside the scope of Dr. Bain's expertise as a biomechanic, including but not limited to those statements made in his deposition regarding Lisa R. Friedley's narcotic use.   These statements are more prejudicial than probative and will not assist the factfinder.   Therefore, the Friedleys' Motion to Exclude Charles E. Bain, M.D. is granted in part and denied in part in accordance with this ruling.

JMM
AHP

**Holdridge, J.,** concurs.    I agree that a very limited portion of Dr. Bain's testimony is admissible at trial. However, the trial court should be very vigilant to not allow

Dr. Bain to stray from his limited admissible testimony if the opposing party makes proper objections.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT